**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ISSAC SCOTT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:11-cv-03119-STA-egb** |
| | ) | |
| **GRADY PERRY,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER DENYING IN PART RULE 60 MOTION, TRANSFERRING IN PART RULE 60 MOTION TO COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Before the Court is Petitioner Issac Scott's Rule 60 motion for relief from judgment and from the Court's order denying a certificate of appealability (ECF No. 37). For the reasons that follow, the motion is **DENIED IN PART AND TRANSFERRED IN PART** to the Sixth Circuit as a second or successive petition.

I.       **BACKGROUND**

On December 22, 2011, Scott filed his *pro se* habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 1). The Petition asserted the following claims:

1. The evidence was insufficient to convict Petitioner of first degree murder ("Claim 1"). Pet. Under 28 § U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody, at 5, Dec. 22, 2011, ECF No. 1 [hereinafter "Habeas Pet."].

1

2. "[T]he introduction of evidence by the State relating [to] the victim being raped and/or sexually assaulted constituted a variance from the indictment" ("Claim 2"). *Id.* at 6.

3. Trial counsel was ineffective in three ways with regard to the motion to suppress ("Claims 3(1), 3(2), and 3(3)") and "fail[ed] to adequately prepare petitioner for trial and to adequately communicate with [him]" ("Claim 3(4)"). *Id.* at 8; Mem. of Law in Supp. of Pet. Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody, at 14–19, Dec. 22, 11, ECF No. 1-1.

4. Appellate counsel rendered ineffective assistance (Claim 4). Habeas Pet., at 10.

Respondent filed the record from Scott's state court proceedings (ECF No. 20) and an Answer to the Petition (ECF No. 19). Petitioner then filed a Reply (ECF No. 21). After reviewing the state court record and considering the parties' arguments, the Court denied the Petition. (ECF No. 24). It held that Claim 1 and Claim 3(1) had been properly exhausted but were without merit, Order Dismissing Case, at 23–29, 34–38, Sept. 23, 2015, ECF No. 24, and that the remaining claims were procedurally defaulted. *Id.* at 29–32, 39. The Court also denied a certificate of appealability ("COA") and leave to appeal *in forma pauperis*. *Id.* at 39–40.

Judgment was entered on September 24, 2015 (ECF No. 25). On October 26, 2015, Scott filed a Notice of Appeal (ECF No. 27), a Motion for a COA (ECF No. 28), a Motion for Leave to Appeal *in forma pauperis* (ECF No. 30), and a Motion for Appointment of Counsel (ECF No. 29). But through its November 2, 2015 Order (ECF No. 32), the Court denied Petitioner's request for counsel and again denied a COA and leave to appeal *in forma pauperis*.

On April 20, 2016, the Sixth Circuit denied Petitioner's Motion for a COA, holding that reasonable jurists would not debate this Court's decision to deny the Petition (ECF No. 33). The Supreme Court thereafter denied his petition for writ of certiorari (ECF No. 35).

On June 5, 2017, the Sixth Circuit denied Petitioner's Motion for Permission to File a Second or Successive Petition in the District Court (ECF No. 36). The appellate court found that Petitioner was seeking to pursue a new habeas claim that "he was denied due process of law and his right to a fair trial by the improper admission of evidence of uncharged crimes of rape and sexual assault." USCA Order, at 2, June 5, 2017, ECF No. 36. The court held that Petitioner did not meet his burden under 28 U.S.C. § 2244 to establish entitlement to proceed on a second or successive petition. *Id.* at 3.

Three weeks later, on June 30, 2017, Scott filed the instant Rule 60 Motion (ECF No. 37).

## II.     DISCUSSION

The Rule 60 motion sets forth three arguments: (1) the judgment should be vacated to allow Scott to present a new claim that "post-conviction counsel was ineffective for failing to raise the issue of [trial] counsel's failure to object to the use of uncharged offenses by the state during the time of trial," Pro Se Rule 60(B)(1), (4), and (6) Motion for Relief from Judgment, at 4, June 30, 2017, ECF No. 37 [hereinafter "Rule 60 Mot."]; (2) the judgment should be vacated under Rule 60(b)(4) and (6) on the ground that it "is void relative to [the Court's] ruling that [certain] claims are procedurally defaulted and cannot be reached or reviewed on their merits," *id.* at 3, 6; and (3) the Court's order denying a COA should be vacated under Rule 60(b)(1) and (6) "because the [C]ourt exceeded the scope of COA." *Id.* at 3, 6.

## A.     New Claim

The portion of Scott's Rule 60 motion in which he advances a new ineffective-assistance-of-counsel claim regarding uncharged offenses constitutes a second or successive petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding a Rule 60 motion is to be treated as a successive habeas petition where it "seeks to add a new ground for relief").  A petitioner who files a second or successive petition must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Scott did file a motion in the Sixth Circuit seeking permission to file a second or successive petition to assert a related claim that his due process rights were violated by admission of evidence of uncharged offenses.  *See* USCA Order, at 2, ECF No. 36.  The appellate court denied the motion.  *Id.* at 3.  Because Scott has not sought permission from the Sixth Circuit to pursue his new ineffective-assistance-of-counsel claim, the portion of his Rule 60 motion relating to the claim is **TRANSFERRED** to the Sixth Circuit as a second or successive petition.


## B.     Procedural-Default Rulings: Rule 60(b)(4) and (6)

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Rule 60(b)(4), relief from a "void" judgment is available where there was "jurisdictional error" or "a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (citations omitted).   Relief under Rule 60(b)(6) is warranted "only in exceptional or extraordinary circumstances." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016).   Rule 60(b)(6) also requires the moving party to demonstrate "(1) lack of prejudice to the non-moving party; (2) a meritorious defense; and (3) lack of culpability for the adverse judgment." *Travelers Cas. & Sur. Co. of Am. v. J.O.A. Const. Co., Inc.*, 479 F. App'x 684, 693 (6th Cir. 2012) (citing *Export-Import Bank of U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010)).

A party seeking relief under any subsection of Rule 60(b) must show that he filed his motion "within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).   "A reasonable time depends on the factual circumstances of each case, and a moving party must articulate a reasonable basis for delay." *Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) (citations omitted).

Petitioner, here, is not entitled to relief from judgment on his assertion that the Court's procedural-default rulings were incorrect.   Although Scott invokes subsections (4) and (6) of Rule 60(b), the argument that the Court committed a legal error in concluding that certain claims were procedurally defaulted falls under Rule 60(b)(1).   *See Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007) (holding "Rule 60(b)(1) . . . governs instances where [a] mistake was based

upon legal error.") (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)). As noted, a Rule 60(b)(1) motion may not be filed more than one year after the entry of judgment, or, in this case, one year after September 24, 2015. *See* Fed. R. Civ. P. 60(c). Scott filed his Rule 60 motion nearly two years later, on June 30, 2017.

Moreover, where, as here, a Rule 60(b)(1) motion is based on legal error, it must be filed "within the normal time for taking an appeal." *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 133 (6th Cir. 2007) (citation omitted). Petitioner cannot circumvent that limitation by relying on Rule 60(b)(4) or (6).[1]

### C.      Order Denying COA: Rule 60(b)(1) and (6)

Relying on *Buck v. Davis*, 137 S. Ct. 759 (2017), Petitioner argues that the Court's order denying a COA should be vacated under Rule 60(b)(1) and (6) "because the [C]ourt exceeded the scope of COA." Rule 60 Mot., at 6. The Supreme Court in *Buck* held that a court undertaking a "COA inquiry" should not engage in a "merits analysis." *Buck*, 137 S. Ct. at 773.

Petitioner's argument is rejected for two reasons. First, the Court's second Order denying the COA was entered on November 2, 2015, but Petitioner did not file his Rule 60 motion until June 30, 2017. The motion was therefore not filed within one year of the Order's entry as required for a motion under Rule 60(b)(1), or otherwise within a reasonable time for purposes of Rule 60(b)(6). Second, the Sixth Circuit's denial of a COA mooted this Court's COA decision. *See United States v. Cook*, No. CR 5:06-183-DCR, 2017 U.S. Dist. LEXIS 103464, at *6 (E.D. Ky. July 5, 2017) ("[O]nce this Court has made a decision regarding

---

[1] Even if subsections (4) and (6) of Rule 60(b) were properly invoked, Petitioner still did not seek relief from judgment "within a reasonable time," as Rule 60(c) requires.

appealability and the matter is addressed *de novo* by the Sixth Circuit, this Court's decision becomes moot."). There is therefore no operative order from which Petitioner seeks relief. *See id.* at *6–7 (denying petitioner's Rule 60(b) request for relief from district court's COA decision where Sixth Circuit denied a COA).

For all of these reasons, the Rule 60(b) motion is **DENIED** to the extent it seeks relief relating to the Court's procedural-default and COA rulings.


## III.    APPEAL ISSUES

A petitioner who wishes "to appeal the denial of a Rule 60(b) motion in [a] habeas corpus case" must secure a certificate of appealability. *Yarbrough v. Warden, Lebanon Corr. Inst.*, No. 16-4083, 2017 U.S. App. LEXIS 16677, at *3 (6th Cir. May 25, 2017) (unpublished) (citing *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010)); *see also* 28 U.S.C. § 2253(c)(1). A COA will issue only if the petitioner "demonstrat[es] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies a petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny in part and transfer in part the Rule 60(b) Motion. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.


IV.     **CONCLUSION**

For the foregoing reasons, the instant Motion is **DENIED IN PART AND TRANSFERRED IN PART**. The Court also **DENIES** Petitioner a COA and further **CERTIFIES** that any appeal in this matter would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is also **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 9, 2018.